IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00082-MR-WCM

| | |
|---|---|
| GARDNER-WEBB UNIVERSITY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM AND |
| v. ) | RECOMMENDATION |
| ) | |
| PRO FORM SPORTS, LLC and ) | |
| GARY WILSON ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court *sua sponte* following the withdrawal of counsel of record for Defendants Pro Form Sports, LLC and Gary Wilson. See Doc. 22.

I. Relevant Background

The material background appears in the undersigned's Order filed on May 5, 2021 which advised Pro Form Sports, LLC that new counsel for it should file a notice of appearance in this case on or before May 17, 2021. Doc. 24. Pro Form Sports, LLC was further advised that if counsel did not appear by that date, the undersigned may recommend that default be entered against it. Id. Pro Form Sports, LLC has not timely filed a Notice of Appearance of Counsel.

1

## II. Discussion

Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of default when a defendant fails "to plead or otherwise defend" in accordance with the Rules. FRCP 55(a). Failure to comply with an order requiring an unrepresented entity to retain counsel can constitute a "failure to defend" under the Rule. See Acosta v. Mercy Services of Health, Inc., No. 1:18cv0366, 2019 WL 4551308 at *4 (E.D. Va. June 14, 2019) ("Failure to comply with a court order requiring an unrepresented corporation to retain new counsel can constitute a 'failure to defend' pursuant to Federal Rule of Civil Procedure 55(a)"); see also Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1310 (2d Cir. 1991) ("Since Eagle failed to comply with the district court's order directing it to appear with counsel, the district court did not abuse its discretion in entering a default judgment"); Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 918 (3d Cir. 1992) ("Nor do we doubt that the district court in this case could have imposed a default judgment against the defendants for failure to comply with its own unambiguous orders to obtain substitute counsel, file a pretrial memorandum, and respond to the plaintiffs' discovery requests")(collecting cases); First Technology Capital, Inc. v. Airborne, Inc., 378 F.Supp.3d 212, 216-217 (W.D.N.Y. 2019) (explaining that "because Defendant failed to secure legal counsel and file a notice of appearance within the prescribed time permitted by the Court, Defendant is in default for its

failure to 'otherwise defend' against this action and that the district court possessed "the inherent authority to enter a default")(citing City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011) ("a district judge also possesses the inherent power to enter a default")).

Here, as noted, Pro Form Sports LLC was previously advised that it must retain counsel in order to defend against this action and has been provided time for such counsel to file a Notice of Appearance. However, new counsel for Pro Form Sports, LLC has not appeared.

Accordingly, the undersigned respectfully **RECOMMENDS** that default be entered as to Pro Form Sports, LLC.

Signed: May 18, 2021

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).